UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MELYNDA SMITH,
As Mother and Next Friend of
JANE DOE, a Minor

     Plaintiff,
vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINE, INC.

     Defendant
_____/

**COMPLAINT**

     **COMES NOW**, the Plaintiff, MELYNDA SMITH, as Mother and Next Friend of JANE DOE, a Minor, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINE, INC., and further states as follows:

GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section (19) (b). The cause of action is in excess of $75,000.00. There is diversity of citizenship. Plaintiff is a resident and citizen of the state of Louisiana. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent or, in the alternative, such conditions do not apply to this Plaintiff. Plaintiff is filing suit pursuant to a series

        of agreements with Defendant extending the applicable statute to March 20, 2016.

3. Defendant is a Panamanian Corporation, licensed to do business in Florida as a cruise line. Defendant's base of operations is in Miami, Dade County, Florida.

## COUNT ONE-NEGLIGENCE

4. Plaintiff reavers and realleges paragraphs One through Three.

5. On or about July 20, 2014, Plaintiff was a fare-paying passenger on CARNIVAL VICTORY. The vessel was in navigable waters. Defendant owned or operated CARNIVAL VICTORY at all times material.

6. At all times material, Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain a set of steps leading to children's water slide, and/or;

   b. Failing to properly repair a loose tread on the steps leading to the children's waterslide, and/or;

   c. Failing to maintain proper lighting on the steps of a children's waterslide, and/or;

   d. Failing to warn of the dangers of using a children's waterslide with a loose stripping on a step, razor sharp handrail and several lights out on the steps, and/or.

   e. Failing to have a proper and safe handrail for children to use on a

children's waterslide, and/or;

f.  Failing to inspect a children's waterslide to insure it did not pose an unreasonable risk of harm to children using it, and/or;

g.  Failing to properly and safely design a children's waterslide, and/or;

h.  Failing to properly design a set of steps leading to a children's waterslide, and/or;

i.  Failing to have a crewmember at the base of a set of steps leading to a children's waterslide to assist children to use the waterslide, and/or;

8. The steps and the area were poorly and dimly illuminated and poorly maintained. Defendant had Tivoli-type lighting on the steps so children and other passengers would not trip on the steps. Many of these Tivoli-type lights had burned out and were not replaced or repaired, showing poor maintenance of the steps. In addition, the edges of the steps had a rubber tread on it. There was a piece of the tread that had previously been broken and glued on but became loose when it was stepped on by the minor Plaintiff. In the alternative, the broken piece of tread was broken and not properly repaired or maintained.

9. In addition, the handrail was unreasonably dangerous for steps leading to a children's waterslide as it was metal and had sharp edges. The loose tread, poor lighting and lack of crewmember assistance on the step caused the minor Plaintiff to slip on the loose tread and fall on the metal handrail with sharp edges, whereby she was seriously injured.

10. At all times material, the Defendant had actual knowledge of the dangerous

condition and/or constructive knowledge of the dangerous condition by the length of time the condition existed, and/or the nature of the dangerous condition and/or the fact that the dangerous condition was ongoing, repetitive or recurring with some regularity.  In addition, Defendant placed a small "watch your step" sign on one of the steps going up the water slide.

11. Defendant, through its new build department, sent representatives from Defendant to the shipyard and oversaw and participated in the design and construction of the CARNIVAL VICTORY.  Defendant had the absolute right to approve or change any design on the VICTORY including the design of the steps, the lighting on the steps and the sharp cylindrical metal handrail which impaled the minor Plaintiff when she fell on it.

12. Upon information and belief, another passenger had been injured by slipping on the same broken tread prior to the minor Plaintiff being injured thus placing Defendant on actual notice of a dangerous condition.

13. After the minor was injured, she was assisted to the infirmary by members of the ship's crew.  The Defendant intentionally did not notify the minor child's mother because she was watching a show and Defendant did not want to interrupt the show.  The child's mother only found out about the injury some forty-seven minutes later when she went to Guest Services after the show had ended to report a missing cell phone.  Only then was she informed that she needed to go to the infirmary.

14. At all times material, Plaintiff acted with due care for her own safety.

15. In the alternative, Defendant is not required to have notice of the condition because Defendant engaged in and was guilty of negligent maintenance of the steps and the surrounding area and/or engaged in negligent methods of operation by not having assistance for children ascending the steps and mot maintaining the steps properly.

16. The minor Plaintiff suffered a deep right leg gash and laceration through her skin, subcutaneous tissue and the muscle compartment of her right leg.  The ship's doctor put one hundred stitches in to close the wound. The minor's lower thigh looked like a Great White shark had taken a large bite out of it.  The minor Plaintiff's step-brother fainted when he saw Plaintiff in the ship's infirmary shortly after she was injured.  After the wound healed, scar tissue inside the leg called adhesions caused Plaintiff additional pain and suffering, which required a surgery to repair.

17. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap, and a loss of the ability to enjoy life; lost the enjoyment of her cruise, suffered a potential loss of earning capacity, and suffered scarring and disfigurement.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages and costs and pre-judgment interest.  Jury trial is demanded.

Dated this 19th day of March, 2016.

>                    HOFFMAN LAW FIRM
>                    PAUL M. HOFFMAN, P.A.
>                    2881 East Oakland Park Boulevard
>                    Fort Lauderdale, FL 33306
>                    Telephone: (954) 707-5040
>
> By:    *//s// Paul M. Hoffman*
>        PAUL M. HOFFMAN, ESQ.
>        Florida Bar No: 0279897